# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott H. Adelman ) | **Civil Case No.:** |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| Cavalry SPV I, LLC, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

1.      Plaintiff Scott H. Adelman alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C § 1692k. Venue in this Judicial District is proper under 28 U.S.C. § 1391(b) because: Defendant Cavalry SPV I, LLC is registered to do business and transacts business in this Judicial District; and the events or conduct giving rise to the claims occurred in this Judicial District.

## PARTIES

3.      Plaintiff Scott H. Adelman (hereinafter "Plaintiff") is a natural person, and citizen of the State of Arizona.

4.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person affected by a violation of the FDCPA.

5.      Defendant Cavalry SPV I, LLC (hereinafter "Defendant") is a Delaware corporation with its principal place of business located at 500 Summit Lake Drive, Suite 400, Valhalla, New York, 10595.

6.      Defendant conducts business in Minnesota and has its registered office address located at 100 South 5th Street, Suite 1075, Minneapolis, Minnesota, 55402. CT Corporation System, Inc. is the registered agent authorized to accept service on behalf of Defendant at 100 South 5th Street, Suite 1075, Minneapolis, Minnesota, 55402.

7.      Defendant is a debt buyer that purchases and services defaulted consumer debts and attempts to collect those debts directly by bringing collection lawsuits against consumers here in Minnesota.

8.      Defendant attempts to collect the consumer debts indirectly through debt collection agencies and/or debt collection law firms, including but not limited to Gurstel Chargo, P.A., that make collection phone calls, send collection letters, and otherwise collect consumer debts.

9.      Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

10.     Defendant regularly collects or attempts to collect debts for other parties.

11.     Defendant is a "debt collector" as that term is defined under the FDCPA.

12.     Defendant was acting as a debt collector with respect to the collection of the alleged debt referred to in paragraph thirteen (13).

## FACTUAL ALLEGATIONS

13.     Sometime prior to July 2012, Defendant alleges that Plaintiff incurred a debt with either HSBC Bank Nevada, N.A. ("HSBC") or Capital One Bank USA, N.A. ("Capital One"), or both.

14.     The HSBC and/or Capital One Debt is a debt arising from transactions incurred for personal, family or household purposes.

15.     Sometime after July 2012, the alleged Debt was transferred or sold to Defendant for the purposes of collection.

16.     On or around November 2015, Defendant hired Gurstel Chargo, P.A., a local debt collection law firm, for the purposes of collection of the alleged debt.

17.     On or about December 15, 2015, Defendant filed a lawsuit in Hennepin County Conciliation Court, State of Minnesota.  *See Cavalry SPV I, LLC v. Scott H. Adelman,* Case File Number 27-CO-15-8439 (hereinafter the "Lawsuit").

18.     In the Lawsuit, Defendant, by and through its counsel, Gurstel Chargo, P.A., stated under oath that Plaintiff owed Defendant "*$2,530.55 as of October 26, 2015 for credit extended to [Plaintiff] pursuant to [Plaintiff's] request*."

19.     Almost immediately after Plaintiff retained a consumer protection attorney, Defendant dismissed the Lawsuit on or around February 4, 2016.

20.     Upon information and belief, Defendant wrongfully and unlawfully filed the Lawsuit; Defendant had no factual and/or legal basis to bring the Lawsuit; Defendant

did not have any evidence showing the chain of title to the alleged debt; and Defendant did not have any evidence showing the amount of the debt prior to or at charge-off.

21.     On or around August 2012, in connection with the collection of the alleged debt, Defendant began reporting Plaintiff's alleged debt to Experian Information Solutions, Inc. and/or Experian PLC (hereinafter "Experian"). Experian is a credit reporting agency (commonly referred to as a "credit bureau").

22.     Defendant's report to Experian was a communication containing credit information regarding Plaintiff and/or Plaintiff's alleged debt (collectively "Plaintiff's Credit Information").

23.     Defendant reported Plaintiff's Credit Information to Experian on a monthly basis through at least September 2015. Upon information and belief, Defendant continues to report Plaintiff's Credit Information to Experian on a monthly basis.

24.     In connection with reporting Plaintiff's Credit Information to Experian, Defendant reported the alleged debt with an outstanding balance of "$2,741 as of Aug 2015."

25.     In connection with reporting Plaintiff's Credit Information to Experian, Defendant reported the alleged debt as "$2,741 past due as of Aug 2015."

26.     In connection with reporting Plaintiff's Credit Information to Experian, Defendant reported the alleged debt with an outstanding balance of "$2,741 as of Sep 2015."

27.     In connection with reporting Plaintiff's Credit Information to Experian, Defendant reported the alleged debt as "$2,741 past due as of Sep 2015."

28.     In connection with the collection of the alleged debt, Defendant reported Plaintiff's alleged debt to TransUnion, LLC (hereinafter "TransUnion").  TransUnion is a credit reporting agency (commonly referred to as a "credit bureau").

29.     Defendant's report to TransUnion was a communication containing Plaintiff's Credit Information.

30.     Upon information and belief, Defendant had been reporting Plaintiff's Credit Information to TransUnion on a monthly basis prior to August 2015.

31.     Defendant continued to report Plaintiff's Credit Information to TransUnion through at least October 2015.  Upon information and belief, Defendant currently reports Plaintiff's Credit Information to TransUnion on a monthly basis.

32.     On or around October 9, 2015, in connection with reporting Plaintiff's Credit Information to TransUnion, Defendant reported the alleged debt with a balance of "$2,741."

33.     On or around October 9, 2015, in connection with reporting Plaintiff's Credit Information to TransUnion, Defendant reported the alleged debt as "Past Due" in the amount of "$2,741."

34.     Defendant made deceiving, misleading and material misrepresentations concerning Plaintiff's Credit Information to TransUnion and Experian by falsely reporting the amount of the alleged debt.

35.     Between the August 2015 and December 2015, no payments were made on the alleged debt.  Therefore, the amount owed on the alleged should have been the same on the credit reports and in the Lawsuit.

36.     Plaintiff does not owe HSBC, Capital One or Defendant $2,741 and Plaintiff has never owed any of those entities $2,741.

37.     The Experian and TransUnion credit reports overstate the alleged debt above and beyond an amount what Plaintiff allegedly owed.

38.     Defendant's statements regarding the balance on the alleged debt were objectively false.  Defendant knew or should have known that it had falsely reported Plaintiff's Credit Information to Experian and Transunion.

39.     Defendant used false, deceptive and misleading representations or means in connection with the collection of the alleged debt by falsely reporting Plaintiff's Credit Information to Experian and Transunion.

40.     Defendant used unfair and unconscionable means to collect or attempt to collect the alleged debt by falsely reporting Plaintiff's Credit Information to Experian and Transunion.

41.     On its own initiative, Defendant chose to report Plaintiff's Credit Information to Experian and TransUnion.

42.     Defendant engaged in debt collection activity by choosing to report Plaintiff's Credit Information to Experian and TransUnion.  *See McIvor v. Credit Control*

*Servs., Inc.*, 773 F.3d 909, 915 (8th Cir. 2014), 773 F.3d at 915 (citing *Edeh v. Midland Credit Management, Inc.*, 748 F.Supp.2d 1030 (D.Minn.2010)).

43.     Defendant reported Plaintiff's Credit Information to Experian and TransUnion to induce Plaintiff to pay the alleged debt.  *See McIvor*, 773 F.3d at 914 (quoting *Federal Trade Commission, Staff Opinion Letter*, 1997 WL 33791232 at \*1 (December 23, 1997) ("[D]ebt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls.")).

44.     The credit reports to Experian and TransUnion are "communications" as defined by 15 U.S.C. § 1692a(2).

45.     Improper credit reporting negatively impacts the way Experian and TransUnion calculate Plaintiff's credit scores.

46.     According to the Fair Isaac Corporation website (commonly referred to as "FICO"), consumers "have FICO® Scores for each of the three credit bureaus: Equifax, TransUnion and Experian."  *See What is a Credit Score?* (May 4, 2016, 5:55 p.m.), http://www.myfico.com/crediteducation/creditscores.aspx.  FICO scores "are calculated based solely on information in consumer credit reports maintained at the credit reporting agencies."  *See About FICO Scores?* (May 4, 2016, 5:58 p.m.), http://www.myfico.com/crediteducation/creditscores.aspx.

47.     According to FICO's website, the "[a]mount owed on accounts determines 30% of a FICO Score."  *See Amounts Owed* (May 4, 2016, 6:15 p.m.), http://www.myfico.com/CreditEducation/Amounts-Owed.aspx.  *See also How is my*

*credit score calculated?* (May. 4, 2016, 5:48 p.m.), https://www.transunion.com/credit-score (". . . the amount [consumers] owe lenders represents 30%" of a consumer's credit score."); *and see How is your FICO® Score calculated and what determines your creditworthiness?* (May 4, 2016, 6:24 p.m.), http://www.experian.com/consumer-products/credit-score.html ("30% of your FICO Score is based on your amounts owed.").

48.     The relevant language under 15 U.S.C. § 1692e(8) regarding communicating false credit information is "rooted in the basic fraud law principle that, if a debt collector elects to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material . . ." *See Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008); *see also McIvor*, 773 F.3d at 914.  In this case, the amount of the alleged debt.

49.     Plaintiff has suffered both tangible and intangible injuries as a result of Defendant's unlawful and wrongful collection efforts.

50.     Plaintiff has suffered harm because:

   a. Defendant violated his rights not be a target of unlawful, wrongful and misleading debt collection activity;

   b. Defendant created the real risk of Plaintiff paying Defendant more than what was owed and paying Defendant when no payment obligation existed;

   c. Defendant created confusion as to the amount of any alleged debt and caused emotional stress and aggravation regarding his financial security;

8

d.   Improper amounts owed or allegedly owed affects Plaintiff's credit score, causing Plaintiff to have a lower credit score and thereby impeding his ability for lower-cost credit, job, or house;

e.   Plaintiff has been harassed and misled by Defendant's unlawful and wrongful collection efforts;

f.   Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendant's unlawful and wrongful collection efforts, in the both the Lawsuit and the present action;

g.   Plaintiff has incurred costs and expenses consulting with and hiring credit repair services to remedy Defendant's unlawful and wrongful collection efforts; and

h.   Plaintiff has lost time having to tend to phone calls and letters with his attorneys and with credit repair professionals.

51.   All of Plaintiff's above-referenced injuries – both tangible and intangible – are actual, concrete injuries that are widely recognized by the United States Supreme Court, United States Court of Appeals for the Eighth Circuit and the United States District Court for the District of Minnesota.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## FALSE OR MISLEADING REPRESENTATIONS

52.   Plaintiff restates and re-alleges the preceding paragraphs of this Complaint.

53.     Defendant used false, deceptive and/or misleading means in connection with the collection of the alleged debt by falsely reporting Plaintiff's Credit Information to Experian and TransUnion.

54.     Defendant falsely represented the character, amount and/or legal status of the alleged debt by falsely reporting Plaintiff's Credit Information to Experian and TransUnion.

55.     Defendant communicated or threatened to communicate to any person Plaintiff's Credit Information which is known or which should be known to be false.

56.     Defendant's conduct violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8) and 1692e(10).

57.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages of up to $1,000.00 under 15 U.S.C. § 1692k(a)(2), and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## UNFAIR AND UNCONSIONABLE MEANS

58.     Plaintiff restates and re-alleges the preceding paragraphs of this Complaint.

59.     Defendant used unfair or unconscionable means to collect or attempt to collect the alleged debt by: collecting and/or attempting to collect an amount that was not expressly authorized by the agreement creating the debt and that was not permitted by law; and by falsely reporting Plaintiff's Credit Information to Experian and TransUnion.

60.     Defendant's conduct violated 15 U.S.C. §§ 1692f and 1692f(1).

61.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages of up to $1,000.00 under 15 U.S.C. § 1692k(a)(2), and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## JURY DEMAND

62.     Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff Scott H. Adelman demands a trial by jury and prays for judgment against Defendant Cavalry SPV I, LLC as follows:

1. Awarding judgment against Defendant in an amount to be determined at trial;

2. Awarding Plaintiff any costs, litigation expenses, disbursements, and allowable attorneys' fees; and

3. Awarding Plaintiff such other and further relief as the Court deems proper, just and equitable.

**TARSHISH CODY, PLC**

Dated:  June 28, 2016                  By:   s/ Adam R. Strauss
                                             Adam R. Strauss (#0390942)
                                             ars@attorneysinmn.com
                                             Scott M. Cody (#0392137)
                                             scody@attorneysinmn.com
                                             6337 Penn Avenue South
                                             Minneapolis, Minnesota 55423
                                             Telephone: (952) 361-5556
                                             Facsimile: (952) 361-5559
                                             **ATTORNEYS FOR PLAINTIFF**